# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

FELIPE S.R.,

                                    Petitioner,

v.

PAMELA BONDI, *United States Attorney General*;

KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*;

TODD M. LYONS, *Acting Director, Immigration and Customs Enforcement*; and

DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*;

                                    Respondents.

Civil No. 26-1563 (JRT/DLM)

**MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

---

Liliana Zaragoza, **UNIVERSITY OF MINNESOTA LAW SCHOOL, RACIAL JUSTICE LAW CLINIC**, 229 Nineteenth Avenue South, Minneapolis, MN 55455, for Petitioner.

Anthony Barrows and David W. Fuller, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 for Respondents.

Petitioner Felipe S.R. was arrested and detained by United States Immigration and Customs Enforcement ("ICE") on December 13, 2025.  Felipe S.R. petitions for a writ of

habeas corpus, arguing that he is being detained unlawfully.  Because the Court concludes that Felipe S.R.'s detention is unlawful, the Court will grant his petition for writ of habeas corpus and order that he be released from custody.

## BACKGROUND

Felipe S.R. is a citizen of Mexico and a resident of Minneapolis, Minnesota. (Verified Pet. Writ of Habeas Corpus ("Pet.") ¶ 13, Feb. 20, 2026, Docket No. 1.)  He has lived in the United States since February 2021, and he is not subject to a final order for removal.  (*Id.* ¶ 14.)

On December 13, 2025, ten to twelve masked ICE agents descended upon Felipe S.R. and arrested him without a warrant while he was walking outside of a store.  (*Id.* ¶ 17.)  One agent was driving an unmarked vehicle and rammed into Felipe S.R. with their vehicle. (*Id.*)  Agents grabbed Felipe S.R., violently pushed and shoved him, repeatedly hit him, and threatened to taze him.  (*Id.*)  He was taken into custody and is being held at an unknown location by an unknown custodian.  (*Id.* ¶ 21.)  ICE's online detainee locator tool states "Call ICE for Details."  (*Id.* ¶ 22.)  Petitioner's counsel's attempts to contact ICE to determine Petitioner's location have been unsuccessful.  (*Id.* ¶ 23.)

On February 20, 2026, Felipe S.R. filed a petition for writ of habeas corpus, challenging the lawfulness of his detention.  (Docket No. 1.)  On February 21, 2026, the Court issued an order (1) enjoining Respondents from transferring Petitioner outside the District of Minnesota pending a ruling on his habeas petition or returning Petitioner to

Minnesota if he had already been removed, and (2) directing Respondents to file an answer by February 24, 2026.  (Docket No. 3.)  Respondents timely filed their response.

## DISCUSSION

Respondents argue that Felipe S.R. is subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  After thorough review of the parties' filings, the Court concludes that the legal issues presented by Felipe S.R.'s habeas petition are subject to the same analysis the Court recently employed in *Herrera Avila v. Bondi*, Civ. No. 25-3741, 2025 WL 2976539 (D. Minn. Oct. 21, 2025) and *Romero Santuario v. Bondi*, Civ. No. 25-4296, 2025 WL 3469577 (D. Minn, Dec. 2, 2025).  The factual record before the Court shows that Felipe S.R. was arrested while already in the United States.  For the same reasons articulated in *Herrera Avila* and *Romero Santuario*, the Court concludes that it possesses jurisdiction over this petition, and that Felipe S.R.'s detention is not authorized by § 1225(b)(2).[1]

The Court therefore turns to the proper remedy.  Where, as here, (1) Respondents erroneously assert that a detainee is being held pursuant to § 1225(b)(2), and (2) Respondents have not produced a warrant, as is required to effectuate an arrest pursuant to § 1226(a), the appropriate remedy is release from custody.  *See, e.g.*, *Ahmed M. v. Bondi*, Civ. No. 25-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Lauro M. v. Bondi*,

---

[1] Respondents do not argue that Petitioner's possible detention outside of Minnesota renders venue in this District improper, and therefore the Court considers that issue to be waived.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 451 (D. Minn. 2004) (Kennedy, J., concurring) (recognizing the default district-of-confinement rule "is best understood as a question of personal jurisdiction or venue").

Civ. No. 26-134, 2026 WL 115022, at *3 (D. Minn. Jan. 15, 2026); *cf. Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. . . . The typical remedy for such detention is, of course, release.").

Accordingly, the Court will grant Felipe S.R.'s petition for writ of habeas corpus and order that he be released from custody.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  Petitioner Felipe S.R.'s Verified Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED**, as follows:

    a.  Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

    b.  If Petitioner is being detained outside of Minnesota, Respondents shall **TRANSPORT** Petitioner to Minnesota and **RELEASE** Petitioner from custody immediately. Petitioner's release in Minnesota must occur **no later than 48 hours after the filing of this Order**.

    c.  If Petitioner is being detained in Minnesota, Respondents shall **RELEASE** Petitioner from custody as soon as practicable, and **no later than 48 hours from the filing of this Order**.

    d.  Given the severe weather conditions in Minnesota, Respondents are **ORDERED** to coordinate with Petitioner's counsel to ensure that upon

Petitioner's release, they are not left outside in dangerous cold. It is preferable to release Petitioner to counsel to ensure humane treatment.

e. Respondents must release Petitioner with all personal effects, such as driver's licenses, passports, or immigration documents, and **without conditions** such as location tracking devices.

f. Respondents are **ENJOINED** from re-detaining Petitioner under this same statutory theory, absent materially changed circumstances.

g. The parties shall provide the Court with a status update concerning the status of Petitioner's release by **no later than 5:00 p.m. on March 1, 2026**. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

DATED: February 26, 2026                    _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota.                         JOHN R. TUNHEIM
                                              United States District Judge